*Ripley & Conrad* for the plaintiff, *Watts & Lobdell* for the defendant.

Eastern Dist
*March,* 1828.

ORY
*vs.*
WINTER.

---

### PARKER vs. STARKWEATHER.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiff claims from the defendant $850 for rent of a house and blacksmith's shop. The defendant pleads in compensation a debt, due to him from the former for work and labour performed in his trade as a blacksmith, to an amount exceeding the sum demanded by the plaintiff, and asks judgment for the surplus. To this plea of compensation and reconvention the plaintiff replied by dis-

Reconvention may be pleaded in a supplemental petition, when the defendant has set up a reconventional demand, superior in amount to the sum claimed in the petition.

PARKER
*vs.*
STARKWEA-
THER.

puting the claim of the defendant, and pleading other claims against him in compensation.

On the trial of the cause in the court below, the judge refused to suffer the plaintiff to give any evidence in support of his replication or plea in compensation, and to the opinion by which this evidence was rejected, the counsel for the appellant took a bill of exceptions; which presents the only question in the case.

The compensation pleaded by the defendant being followed by a claim for a surplus remaining after full discharge of the plaintiff's demand, must be considered as a suit in reconvention. It is true that reconvention is one mode of claiming the benefit of compensation, and peculiarly so when any connection exists between the opposing claims of plaintiff and defendant. But when the party reconvening, demands more than sufficient to compensate the claim against him, his plea partakes much of the nature of an original suit, to which payment might certainly be pleaded; and compensation is a species of payment *solutionis vicem obtinet.* This is strictly true in cases where the opposing claims are liquidated and certain. If they be of the same nature and not of difficult liquidation, compen-

sation as payment ought to be tolerated, and is authorised by law in defence.

The defendant relies on two principal grounds in support of the correctness of the opinion of the judge *a quo*, by which he rejected the evidence offered by the plaintiff on his plea of compensation. 1st. That our code of practice does not authorise replications.— 2d. That the replication being a reconvention on the part of the plaintiff, against that pleaded by the defendant, it is not tolerated by law.

The 239th article of the code of practice provides that new facts alleged by a defendant in his answer, shall be considered as denied by the plaintiff, and therefore admits neither replication nor rejoinder. By the 377th article of the section which treats of demands in reconvention, a defendant may plead it either as an exception in his answer to the principal demand, or institute a distinct and separate demand, and the plaintiff is bound to answer.

Now in whatever form a defendant may choose to put his defence, if he demand judgment against the plaintiff for a surplus, in his plea of compensation and reconvention, it is no longer a simple exception; but beyond the extinction of the demand of the latter, it is the

Eastern Dist.
*March*, 1828.

PARRER
*vs.*
STARKWEA-
THER,

Eastern Dist. institution of a separate and distinct demand,
*March*, 1828. to which the plaintiff is bound to answer,
PARKER and cannot be rightfully prevented from using
*vs.* all legal means of defence, amongst which
STARKWEA- payment or compensation to the extent of pay-
THER. ment alone may be used.

The doctrine on this subject carried thus far is in conformity with the ancient laws of the country, and does not conflict with the general rule that reconvention is not permitted; which rule itself suffers an exception, as explained by *Toulier vol. 7, page 495, art. 415. See, also, Febrero Bt. 2d, book 3, chap. 1, no. 256, same part, and book Chap. 2d, no. 212, and the Curia Phil. page 75, no. 8.* In the present case, the amount pleaded in compensation (to the defendant's demand in reconvention) is equally easy to be liquidated, as the account set forth by the reconvenor. The reason of the rule which seems so much to eschew the danger of infinity in reconvention, will, we think, be sufficiently satisfied, by limiting the respondent to compensation alone—rejecting all claim for surplus.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court

be avoided, reversed and annulled, and it is further ordered, adjudged, and decreed, that the cause be remanded to said court to be tried *de novo*, with instructions to the judge *a quo* to admit the plaintiff to prove the amount which he offers as compensation to the defendant's demand in reconvention. The appellee to pay the costs of appeal.

*Preston* for plaintiff, *Hennen* for defendant.